IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CRYSTAL WILBURN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:25-cv-00745-K |
| | § | |
| NAVY FEDERAL CREDIT UNION, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

More than 90 days have passed since Defendant Navy Federal Credit Union removed this civil action to federal court, *see* ECF No. 1, and the docket does not reflect that Plaintiff Crystal Wilburn has filed proof of service on Defendant or requested an extension of time to effect service. Thus, the Court should DISMISS this action without prejudice under Federal Rule of Civil Procedure 4(m) for failure to serve Defendant—unless Plaintiff files valid proof of timely service or shows good cause for failing to serve Defendant, within the time period allowed for objections to this recommendation or by some other deadline established by the Court.

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "In

removed cases, the Rule 4(m) time period starts to run upon removal to the federal district court, not the date the action was originated in state court." 4B Fed. Prac. & Proc. Civ. § 1137 (4th ed.).

In the Fifth Circuit, courts must allow additional time for service if a plaintiff can establish good cause. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325–26 (5th Cir. 2008) (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)). "[T]o establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. United States R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (quoting *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993) (per curiam)). Courts also typically require "some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified." *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995) (internal citations and quotation marks omitted). The plaintiff bears the burden to show good cause. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988).

Defendant's Amended Notice of Removal (ECF No. 4) recites that Plaintiff filed her Original Petition and Application for Injunctive Relief in the 298th Judicial District Court, Dallas County, Texas, on February 3, 2025, asserting claims against Defendant for violation of Texas Property Code 51.002, the federal Truth in Lending Act, and the Deceptive Trade Practices Act. Am. Not. Rem. ¶¶ 1–2. Defendant removed the case to federal court on March 26, 2025, on the basis of

both federal question and diversity jurisdiction. *Id.* ¶¶ 5–9. Defendant's removal was timely because Plaintiff had not yet served Defendant with her Petition. *See id.* ¶ 4. Under Rule 4(m), Plaintiff—who is represented by counsel[1]—had until June 24, 2025, to effect proper service on Defendant. Plaintiff has not filed proof of timely service. *See* Fed. R. Civ. P. 4(*l*) (requiring proof of service be made to the court, unless service is waived). Plaintiff also has not sought additional time for service or attempted to show good cause for failing to serve Defendant.

This case cannot move forward unless Plaintiff effects service on Defendant. *See* Fed. R. Civ. P. 12(a)(1) (providing that a defendant has no obligation to file a responsive pleading until 21 days after the plaintiff properly serves it with a summons and copy of the complaint). Her failure to do so indicates an unwillingness or inability to prosecute this action and comply with the federal rules. Thus, the Court should dismiss this case without prejudice under Rule 4(m)—unless Plaintiff files valid proof of timely service or shows good cause for

---

[1] Plaintiff's counsel, whose office is located in Houston, Texas, is not admitted to practice in this district. Thus, this attorney must seek admission or permission to proceed pro hac vice and secure the assistance of local counsel. *See* N.D. Tex. L. Civ. R. 83.9 ("[A]n attorney who is not admitted to practice in this court, who desires to appear as counsel in a case, and who is [licensed to practice law by the highest court of any state or the District of Columbia], shall apply for admission pro hac vice on a court-approved form and pay the applicable fee to the clerk.") & 83.10 ("[L]ocal counsel is required in all cases where an attorney appearing in a case does not reside or maintain the attorney's principal office in this district. "Local counsel" means a member of the bar of this court who resides or maintains the attorney's principal office in this district and whose residence or principal office is located within 50 miles of the courthouse in the division in which the case is pending.").

failing to serve Defendant, within the time period allowed for objections to this recommendation (explained in more detail below) or by some other deadline established by the Court.

## Recommendation

The Court should dismiss this case without prejudice under Rule 4(m) – unless Plaintiff files valid proof of timely service or shows good cause for failing to serve Defendant, within the time period allowed for objections to this recommendation or by some other deadline established by the Court.

June 25, 2025.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The Clerk of Court will serve a copy of this report and recommendation on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within five days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); Agreed Motion to Shorten the Objections Period (ECF No. 49). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).